**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SENRICK SHERN WILKERSON ) | |
| ID # 1885146, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:16-CV-439-D (BH) |
| ) | |
| WARDEN McCOMIS, Bridgeport ) | Referred to U.S. Magistrate Judge |
| Correctional Center, ) | |
| STATE OF TEXAS, ) | |
|     Respondents. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, this case should be transferred to the Fifth Circuit as a successive petition.

**I.  BACKGROUND**

Senrick Shern Wilkerson (Petitioner) was convicted of compelling prostitution of a child, sexual performance of a child, and sexual assault of a child, and was sentenced to 8 years' imprisonment for each offense. *State v. Wilkerson*, Nos. F08-60213, F10-01183, and F10-01184 (Crim. Dist. Court No. 3, Dallas County, December 17, 2010), *aff'd*, Nos. 05-11-00060-CR, 05-11-00061-CR, and 05-11-00062-CR, 2012 WL 2877623 (Tex. App. – Dallas 2012, pet. ref'd). Petitioner unsuccessfully challenged his convictions in state and federal habeas proceeding. *Ex parte Wilkerson*, Nos. 77,138-14 and -15 (Tex. Crim. App. September 11, 2013) (denying state applications); *Wilkerson v. Baggett*, No. 3:14-CV-0476-P (N.D. Tex. March 5, 2015) (denying federal application), *aff'd*, *Wilkerson v. Stephens*, No. 15-10228 (5th Cir. February 4, 2016).

Petitioner has also previously filed numerous civil actions over his prosecution in Cause Nos. F08-60213, F10-01183, and F10-01184. *See Wilkerson v. Grona-Robb, et al.*, No. 3:13-CV-2634-O

(N.D. Tex. September 4, 2013) (claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because plaintiff's convictions had not been set aside); *Wilkerson v. Watkins*, No. 3:13-CV-1326-M (N.D. Tex. December 16, 2013) (claims against district attorney barred by res judicata and *Heck*); *Wilkerson v. Dallas Police Dep't, et al.*, No. 3:12-CV-1832-K (N.D. Tex. July 12, 2012) (complaint dismissed as malicious for seeking to relitigate frivolous claims); *Wilkerson v. Texas, et al.*, No. 3:12-CV-1830-L (N.D. Tex. July 31, 2012) (claims barred by *Heck*); *Wilkerson v. Grona-Robb, et al.*, No. 3:11-CV-1242-N (N.D. Tex. November 10, 2011) (claims against prosecutor barred by prosecutorial immunity and *Heck*); *Wilkerson v. Brooke, et al.*, No. 3:11-CV-659-B (N.D. Tex. May 18, 2011) (claims against prosecutor barred by prosecutorial immunity and *Heck* ).

Sanctions have been imposed against Petitioner.  In *Wilkerson v. Watkins*, No. 3:13-CV-1326-M, 2013 WL 6602861 (N.D. Tex. Dec. 16, 2013), it was noted that he had previously filed numerous suits in federal court as a plaintiff based on the same criminal prosecutions at issue in this habeas case.  He was sanctioned $200 and "barred from filing any other actions, motions, or pleadings of any kind challenging his conviction without first obtaining the permission of a district judge or magistrate judge."  *Id.*  No. 3:13-CV-1326-M (docs. 139, 140), 2013 WL 6602861 at *1.

Petitioner again seeks to contest his convictions in Cause Nos. F08-60213, F10-01183, and F10-01184.  (doc. 2, at 2.)  He alleges the State of Texas lacked jurisdiction because he was not arrested, arraigned, or taken before a magistrate judge in Nos. F10-01183 and F10-01184, and that there were no arrest reports, offense reports, or complaint affidavits.  Petitioner also claims that a new trial was granted in the three state criminal cases.  He alleges that he received ineffective assistance of trial and appellate counsel, that the indictments in Nos. F10-01183 and F10-01184 are forged, and that the state trial court will not rule on his motion for nunc pro tunc judgments.

2

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1] A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or

---

[1] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same convictions that he challenged in a prior federal petition that was denied on its merits. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the

Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive petition for habeas relief, this Court lacks jurisdiction over this action.

### III. RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 2nd day of March, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE